**EXHIBIT 1**

*Tiki Brown*

SUMMONS                    SC-85-1

Clyde Castleberry Co. Covington, GA 30015
**Tiki Brown**
**Clerk of State Court**
**Clayton County, Georgia**
**Tashea Matthews**

## IN THE ~~SUPERIOR~~/STATE COURT OF ___Clayton___ COUNTY

## STATE OF GEORGIA

Darrell Morgan

Sherry Mason

CIVIL ACTION
NUMBER ___2021CV02145___

PLAINTIFF

VS.

American Airlines, Inc.,

Registered Agent: C T Corporation

289 S. Culver Street, Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Danielle Obiorah
Obiorah Fields, LLC
157 S. McDonough Street
Jonesboro, GA 30236
404-994-6218 - Phone
an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __21ST__ day of __SEPTEMBER__, 20__21__

Clerk of ~~Superior~~/State Court

BY __Tashea Matthews__

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

2021CV02145

e-Filed 9/21/2021 11:04 AM

*Tiki Brown*
Tiki Brown
Clyde Castleberry Co, Covington GA 30015
Clerk of State Court
Clayton County, Georgia
Tashea Matthews

SUMMONS                    SC-85-1

## IN THE ~~SUPERIOR~~/STATE COURT OF __Clayton__ COUNTY

## STATE OF GEORGIA

Darrell Morgan

Sherry Mason

CIVIL ACTION
NUMBER ____2021CV02145____

PLAINTIFF

VS.

( American Aviation Supply, LLC )

Registered Agent: C T Corporation

289 S. Culver Street, Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Danielle Obiorah
Obiorah Fields, LLC
157 S. McDonough Street
Jonesboro, GA 30236
404-994-6218 - Phone

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __21ST__ day of __SEPTEMBER__, 20__21__.

Clerk of ~~Superior~~/State Court

Tashea Matthews

BY_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**IN THE STATE COURT OF CLAYTON COUNTY**
**STATE OF GEORGIA**

DARRELL MORGAN,
SHERRY MASON
Plaintiffs,

v.

AMERICAN AIRLINES INC.,
AMERICAN AVIATION SUPPLY,
LLC,  JOHN DOES 1-10, ABC
CORPORATION 1-10.

Defendants.

CIVIL ACTION
FILE NO.: 2021CV02145

**JURY TRIAL DEMANDED**

**COMPLAINT**

NOW COME Plaintiffs, Darrell Morgan and Sherry Mason, by and through their

undersigned attorneys, and for their complaint state:

1.

Plaintiffs DARRELL MORGAN and SHERRY MASON reside at 9625 Bark Chip Way,

Douglasville, Georgia, and is subject to the jurisdiction of this court.

2.

Defendant American Airlines, Inc. ("American Airlines") is a Texas corporation,

operating its business located at 3400 North Inner Loop Rd., Ste. 102, Hapeville, Georgia 30354.

Defendant may be served by and through its registered agent, C T Corporation System, 289

South Culver Street, Lawrenceville, GA 30046. American Airlines is subject to the jurisdiction

and venue of this court.

3.

Defendant American Aviation Supply, LLC. ("American Aviation") is a Texas

corporation, operating it business located at 3400 North Inner Loop Rd., Ste. 102, Hapeville,

Georgia 30354 Defendant may be served by and through its registered agent, C T Corporation

- 1 -

Copy from re:SearchGA

System, 289 South Culver Street, Lawrenceville, GA 30046. American Airlines is subject to the jurisdiction and venue of this court.

4.

Corporate Defendants  No.  1 through 10 are believed to be Georgia or foreign corporations, partnerships, associations or other legal entities that have transacted business in the State of Georgia and are responsible for the injuries and damages incurred by Plaintiff. Once the identity and the whereabouts of the Corporate  Defendants are established, said Defendant(s) will be served with a copy of summons and complaint as provided by law. Corporate Defendants  No. 1 through 10 are subject to the jurisdiction and venue of this Court.

5.

Defendant John Doe Corporation 1-10 provided services to  Plaintiff through  its  agents and/or employees, and others for whom it bears legal responsibility.

6.

Plaintiff is informed and believes that at all times relevant to this action, Defendants were the agents or employees of each other, and in doing the things alleged herein were acting within the course and scope of their agency and/or employment and with the permission, knowledge, ratification, consent and/or affirmation of the co-defendants.

7.

Whenever  and  wherever  reference  is  made  to  individuals  who  are  not  named  as Defendants in this action, but were the agents and/or employees of Defendants, it is alleged that such individuals at all time acted on behalf of Defendants named in this action within the course and scope of their respective agencies and /or employments.

**FACTS**

- 2 -

Copy from re:SearchGA

8.

Defendants at all times relevant hereto, owned or operated, leased and/or possessed  a warehouse located at 3400 North Inner Loop Rd., Ste. 102, Hapeville, Georgia 30354.

9.

On or about September 26, 2019 the Plaintiff Darrell Morgan, within the scope of his job duties, arrived at the American Airlines loading dock to pick up a load of items from Defendants.

10.

Plaintiff Darrell Morgan proceeded to back his vehicle up to the loading dock. The Plaintiff exited his vehicle to place the dock steel bar into place. As Plaintiff laid the steel bar down, it suddenly and violently snatched out of his hand, hitting him in the head. Plaintiff sustained bodily injuries to his head, shoulder and has suffered from memory loss, speech impairment and headaches.

## COUNT 1-PREMISES LIABILITY

11.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

12.

Defendants owe invitees, such as Plaintiff, a duty to exercise ordinary care to keep the Premises and its approaches safe.

13.

Defendants breached the duty owed to Plaintiff by failing to exercise ordinary care to keep  the Premises safe.

14.

Defendants knew or should have known of the existence of the faulty dock steel bar.

- 3 -

Copy from re:SearchGA

15.

Defendants had actual or constructive knowledge of the dangerous and/or hazardous condition that caused Plaintiff's injuries.

16.

Plaintiff's injuries were the direct result of the unsafe and hazardous condition in which the defendant maintained the steel bar which constituted a dangerous condition.  The Defendants acted negligently and recklessly in failing to keep the loading dock steel bar safe for visitors.  The Defendants acted negligently and recklessly in failing to properly inspect the area for safety hazards.

17.

Defendants breached its duty of care by failing to maintain the loading dock steel bar in a hazard free condition and/ or to post appropriate warnings of existing hazards for the Plaintiff and it's employees and or business invitees.

18.

Plaintiff did not know and could not reasonably have learned of the danger posed by the broken steel bar.

19.

At all times relevant hereto, Plaintiff was exercising reasonable care for his own safety.

20.

Defendants failed to exercise reasonable care to keep the Premises safe by:

a)  Violating O.C.G.A. § 51-3-1 by failing to exercise ordinary care to keep the Premises safe and free from dangerous and/or hazardous conditions that Defendant knew or should have known about;

b)  When they negligently maintained the loading dock area;

c)  When they negligently instructed and failed to properly instruct Plaintiff in the use of the loading dock and steel bar.

- 4 -

Copy from re:SearchGA

d) When they negligently failing to contract with competent maintenance personnel to perform maintenance and repair of the faulty steel bar;

e) When they were otherwise negligent in the instruction, operation and use of the loading dock and steel bar;

f) When they negligently failed to take all reasonable and necessary precautions to ensure that the loading dock was free from harm such as the one that injured Plaintiff, would not occur;

g) When they negligently failed to warn of the deficiencies and dangers in the steel bar rendering it unsafe;

h) When they were otherwise negligent in the maintenance, operation of the loading dock and the supervision and training of the use of the loading dock.

As a proximate result of the result of Defendants' breach of duties, the accident occurred and Plaintiff Darrell Morgan suffered injuries and damages as more fully alleged below.

21.

Defendants are negligent per se.

22.

Defendants' failure to exercise ordinary care is the direct and proximate cause of Plaintiff's injuries.

23.

Each of the forgoing acts and omissions constitute an independent act of Defendants' failure to exercise ordinary care and one or more or all above stated acts were the proximate causes of Plaintiff's injuries. Defendants are liable for Plaintiff's injuries, pain and suffering, cost of treatment, cost of surgeries, and all other elements of damages allowed under the laws of the State of Georgia.

## COUNT II
## NEGLIGENT TRAINING AND
## SUPERVISION AS TO ALL DEFENDANTS

Copy from re:SearchGA

2021CV02145

24.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

25.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections for hazardous conditions were performed on the premises and in failing to train its employees concerning safety procedures for inspecting and maintaining the premises.

26.

Defendants were negligent in training and supervising its staff as to preventing, inspecting for, timely remedying, and/or warning patrons about the faulty steel loading bar.

27.

As a direct and proximate result of Defendants negligence in training and supervising its employees, Plaintiff was injured.

28.

All of Plaintiff's injuries and damages, as aforesaid, were caused solely, directly and proximately by the negligence of the Defendants.

## <u>COUNT III</u>
## <u>VICARIOUS LIABILITY</u>

29.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint.

30.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff was injured were acting within the scope of their employment.

Copy from re:SearchGA

2021CV02145

31.

Defendants are responsible for the conduct of these individuals under the doctrine of respondent superior, agency or apparent agency.

## COUNT IV
## DAMAGES

32.

Plaintiff re-alleges and incorporates herein all preceding paragraphs of this Complaint

33.

As a direct and proximate result of the Defendants' joint and several negligent and wrongful acts and omissions, Plaintiff has incurred reasonable and necessary medical expenses.

34.

Defendants actions showed willful misconduct, malice, fraud, wantoness, oppression or an entire want of care, which raises the presumption of conscious indifference to the consequences. Thus, Plaintiff is entitled to punitive damages from Defendants under O.C.G.A. § 51-12.5.1.

35.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive and all other damages supported by the evidence and permissible under Georgia law, including, but not limited to:

a)     Personal injuries;
b)     Past, present and future pain and suffering;
c)     Loss wages;
d)     Disability;

- 7 -

Copy from re:SearchGA

e)    Mental Anguish;

f)    Loss of the capacity for the enjoyment of life;

g)    Incidental expenses;

h)    Past, present and future medical expenses; and

i)    Permanent injuries.

## JURY DEMAND

Plaintiffs demand trial by jury on all counts so triable as of right

This 21st day of September 2021.

Respectfully submitted,

_____

Danielle Bess Obiorah
Georgia Bar No.: 055770

**OBIORAH FIELDS, LLC**
157 S. McDonough Street
Jonesboro, Georgia 30236
Phone: 404-994-6218
Email: dbo@obiorahfields.com

- 8 -

Copy from re:SearchGA