IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRELL MORGAN and SHERRY MASON, <br>    Plaintiffs, <br> v. <br> AMERICAN AIRLINES, INC. and <br> AMERICAN AVIATION SUPPLY, LLC, <br>    Defendants. | Civil Action No. <br> 1:21-cv-04449-SDG |

## OPINION AND ORDER

This matter is before the Court on Defendants American Airlines, Inc. and American Aviation Supply, LLC's motion to dismiss the original Complaint [ECF 2] and motion to dismiss the First Amended Complaint [ECF 6]. For the following reasons, the original motion to dismiss is **DENIED as moot** and the second motion is **GRANTED in part** and **DENIED in part.**

I.   Background

The following facts are accepted as true for purposes of this Order.[1] On September 26, 2019, Plaintiff Darrell Morgan arrived at a warehouse owned or operated by Defendants. He went to the loading dock to pick up items from

---

[1] *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1274 n.1 (11th Cir. 1999) ("At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff.").

Defendants.[2] Morgan backed his vehicle up to the loading dock and got out to place the steel loading dock bar in place.[3] As he laid down the bar, "it malfunctioned and suddenly and violently snatched out of his hand," striking him in the head and causing him injuries.[4] After the incident, Morgan spoke to an unidentified manager of Defendants who "was aware the loading dock steel bar was malfunctioning and took no steps to repair [it] or warn invitees. . . ."[5]

On September 21, 2021, Morgan and his wife Sherry Mason filed a Complaint in the State Court of Clayton County, Georgia against American Airlines, American Aviation Supply, John Does 1–10, and ABC Corporation 1–10, alleging premises liability, negligent supervision and training, and vicarious liability.[6] On October 27, Defendants removed the case to this Court and filed a motion to dismiss for failure to state a claim.[7] On November 12, Plaintiffs filed their First Amended Complaint (FAC), which dropped the fictitious defendants and asserted causes of action for premises liability (Count I by Morgan), negligent

---

[2]   ECF 4, ¶ 7.

[3]   *Id.* ¶ 8.

[4]   *Id.*

[5]   *Id.* ¶¶ 25–26.

[6]   ECF 1-1.

[7]   ECF 1; ECF 2.

supervision and training (Count II by Morgan), and loss of consortium (Count IV by Mason).[8] As damages Plaintiffs seek (among other things) lost wages; past, present, and future medical expenses; and recovery for permanent injuries.[9] Defendants moved to dismiss the FAC for failure to state a claim on November 24.[10] The motion is now fully briefed and ripe for consideration.[11]

## II. Applicable Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility is met when the plaintiff pleads the factual content necessary for the Court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Discussion

### A. Morgan Has Stated a Claim for Premises Liability (Count I).

Morgan asserts a negligence claim against Defendants based on premises liability. Such causes of action contain four essential elements: "[A] duty, a breach

---

[8] ECF 4. "Count III" contains Plaintiffs' damages claim. *Id.* ¶¶ 31–33.

[9] *Id.* ¶ 33.

[10] ECF 6.

[11] ECF 7 (Pls.' Opp. Br.); ECF 9 (Defs.' Reply).

of that duty, causation, and damages." *Collins v. Athens Orthopedic Clinic, P.A.*, 307 Ga. 555, 557 (2019). *See also St. Jude's Recovery Ctr. v. Vaughn*, 354 Ga. App. 593, 594 (2020). O.C.G.A. § 51-3-1 governs premises liability for invitees to property:

> Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

This obligation cannot, however, be used to turn property owners into insurers of the safety of their invitees. *B-T Two, Inc. v. Bennett*, 307 Ga. App. 649, 654 (2011) (collecting cases) (physical precedent only). "[I]t is a well-settled principle of negligence law that 'the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.'" *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613, 615 (2021) (quoting *Wilson v. Guy*, 356 Ga. App. 509, 511 (2020); citing *Wolfe v. Carter*, 314 Ga. App. 854, 859 (2012)).

Defendants argue that Morgan has not alleged enough facts to show that liability is plausible; that at most, the FAC shows Morgan himself failed to exercise ordinary care when handling the steel loading bar, and the allegation that a 'manager' knew that the bar was malfunctioning cannot save his claim.[12]

---

12   ECF 6-1, at 6.

Alternatively, Defendants assert that if the claim is not dismissed, Morgan should be required to amend the pleading to provide a more definite statement.[13] In their opposition to the motion to dismiss, Plaintiffs assert that the FAC provides adequate notice to Defendants, states facts establishing the cause of action, and raises a reasonable expectation that discovery will reveal evidence of negligence.[14]

The Court agrees with Plaintiffs. Morgan is only required to allege that Defendants are plausibly liable for his injuries. Taking the facts in the FAC as true, the pleading establishes premises liability: (1) Morgan was an invitee of Defendants; (2) he was injured by a malfunctioning loading bar; (3) Defendants had knowledge (or should have had knowledge) of the bar's defective condition and did nothing to repair it or warn invitees of the potential danger; and (4) Morgan could not reasonably have learned about the danger posed by the bar. While additional facts about the manager's knowledge and the state of the loading bar would be helpful, they are not required at the pleading stage, particularly since such information is in Defendants' control and will presumably be borne out through discovery.

---

[13]   *Id.* at 7.

[14]   ECF 7, at 4–5.

### B. Morgan Has Failed to State a Claim for Negligent Supervision and Training (Count II).

#### 1. Negligent Supervision

Morgan pleads that, because a manager was aware the loading bar was malfunctioning and took no steps to repair it, Defendants were negligent in the supervision of their staff.[15] "An employer may be held liable for negligent supervision only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's tendencies to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff." *Rimert v. Meriwether & Tharp, LLC*, 361 Ga. App. 589, 592 (2022) (quoting *Leo v. Waffle House*, 298 Ga. App. 838, 841 (2009)). Morgan fails to allege any facts about the manager's responsibilities or propensities surrounding the loading bar. Additionally, no facts are alleged that Defendants knew or should have known of any such tendencies.

In opposing Defendants' motion to dismiss Plaintiffs argue that, while they are at a distinct disadvantage for not knowing the identities of the manager or other employees, there are enough facts to show Defendants should have been

---

[15] ECF 4, at 8.

aware of the employee's actions surrounding the faulty loading bar.[16] The Court disagrees. There are no allegations that the manager's duties had anything to do with the loading dock and bar, nor about how long the bar had been broken, nor about how long the manager was aware of the situation. The Court recognizes that such facts may not presently be in the possession of Plaintiffs, and perhaps discovery will provide them with grounds for leave to amend so that this claim can ultimately be made. But at this juncture Plaintiffs' allegations in this regard do not meet the plausibility standard. *Edwards v. Wis. Pharmacal Co., LLC*, 987 F. Supp. 2d 1340, 1347 (N.D. Ga. 2013).

### 2. Negligent Training

To establish a negligent training claim a plaintiff must demonstrate that inadequate training caused a reasonably foreseeable injury. *Doe I v. YWCA of Greater Atlanta*, 321 Ga. App. 403, 408 (2013). "There must be a causal link between the alleged breach of duty and the injury caused." *La Petite Acad., Inc. v. Turner*, 247 Ga. App. 360, 362 (2000) (footnote omitted). Plaintiffs do not allege any specific facts about Defendants' training or lack thereof, nor how their alleged deficient training contributed to Morgan's injuries. Plaintiffs instead allege in conclusory

---

[16] *Id.* at 6.

fashion that Defendants were "negligent in failing to adopt appropriate policies and procedures to make sure the appropriate inspections for hazardous conditions were performed."[17] As pled, Plaintiffs' allegation in this regard is not plausible.

Accordingly, Morgan's claim for negligent supervision and training (Count II) must be dismissed.

### C.   Mason Has Stated a Claim for Loss of Consortium.

The FAC alleges that Mason is Morgan's wife and that, as a result of Defendants' negligence, she suffered the loss of consortium with Morgan.[18] "One spouse's right of action for the loss of the other's society or consortium is a derivative one, stemming from the right of the other." *Douberly v. Okefenokee Rural Elec. Membership Corp.*, 146 Ga. App. 568, 569 (1978) (citation omitted). Because Morgan has stated a claim for premises liability, Mason has a derivate claim for loss of consortium and Defendants' motion to dismiss this claim fails.

### D.   Plaintiffs Have Failed to State a Claim for Punitive Damages.

"Punitive damages may be awarded only [if] it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care . . . ." O.C.G.A

---

17   ECF 4, ¶ 27.

18   *Id.* ¶ 35.

§ 51-12-5.1. "An award of punitive damages must be specifically prayed for in a complaint." O.C.G.A. § 51-12-5.1. "Negligence alone, even gross negligence, will not support an award of punitive damages." *Hutcherson v. Progressive Corp.*, 984 F.2d 1152, 1155 (11th Cir. 1993). Defendants argue that Defendants have not alleged any facts to support a conclusion that they acted with fraud, malice, or willful misconduct.[19] The Court agrees. Although the FAC seeks all manner of damages, it contains no allegations that plausibly allege the necessary level of misconduct for Defendants to be subject to punitive damages. Plaintiffs appear to concede this point by failing to respond to it in their opposition brief.[20] Plaintiffs' punitive damages claim is stricken.

---

[19]   ECF 6-1, at 10–12.
[20]   *See generally* ECF 7.

**IV.    Conclusion**

Defendants' original motion to dismiss [ECF 2] is **DENIED as moot** and motion to dismiss the First Amended Complaint [ECF 6] is **GRANTED in part and DENIED in part.** Plaintiffs may proceed on Counts I and III. Plaintiffs' punitive damages claim is **STRICKEN** from the First Amended Complaint. Defendants are **DIRECTED** to file their Answer to the remaining portions of the First Amended Complaint within 14 days of this Order.

**SO ORDERED** this 29th day of September, 2022.

Steven D. Grimberg
United States District Court Judge